IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN J. McCARTHY,  :
:
    Plaintiff  :
:  CIVIL NO. 1:CV-17-0401
  vs.  :
:  (Judge Caldwell)
WARDEN EBBERT, *et al.*,  :
:
    Defendants  :

*M E M O R A N D U M*

I.    *Introduction*

      The pro se plaintiff, John McCarthy, a former federal inmate, initiated this action on March 3, 2017, while housed at the United States Penitentiary in Lewisburg, Pennsylvania. (ECF No. 1, Compl.). Presently before the court is McCarthy's motion for leave to proceed *in forma pauperis* (IFP). (ECF No. 7).

      For the reason that follow, McCarthy's IFP motion will be denied. The action will therefore be dismissed without prejudice unless McCarthy pays the requisite filing fee of $400.[1]

II.    *Standard of Review*

      "In the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321–66, Congress placed several limitations on prisoner litigation in federal courts." *Bruce v Samuels*, ___ U.S. ___, ___, 136 S.Ct. 627, 630, 193 L.Ed.2d 496 (2016). One such

---

[1] Effective May 1, 2013, an administrative fee of $50 is to be paid in addition to the $350 filing fee required upon filing of a civil action, for a total of $400. The $50 fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

limitation was the "three-strikes provision: Prisoners whose suit or appeals are dismissed three or more times as frivolous, malicious, or failing to state a claim on which relief may be granted are barred from proceeding IFP 'unless the prisoner is under imminent danger of serious physical injury.' § 1915(g)." *Id.* at ___, 136 S.Ct. at 630; *see also* 28 U.S.C. § 1915(g).

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). "By using the term 'imminent,' Congress indicated that it wanted to . . . prevent impending harms, not those harms that had already occurred." *Id.* at 312-15. However, an inmate can meet the imminent danger exception by alleging a continuing danger of serious physical injury. *Prall v. Bocchini*, 421 F. App'x 143, 145 (3d Cir. 2011)(nonprecedential); *Chavis v. Chappius*, 618 F.3d 162, 170-71 (2d Cir. 2010) (prisoner can establish imminent danger of physical harm by recounting recent injuries that reveal an "ongoing pattern of acts" as well as threats of future harm); *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007) ("a prisoner who alleges that prison officials continue with a practice that has injured him or other similarly situated in the past will satisfy the 'ongoing danger' standard"). However, vague, general, or conclusory allegations are insufficient to establish that a plaintiff is in imminent danger. *See Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, ___ U.S. ___, ___, 135 S.Ct. 1759, 1763, 191 L.Ed.2d 803 (2015).

When evaluating an allegation of imminent danger of serious physical injury, the court must determine whether the inmate has drawn "an adequate nexus between the

-2-

claims [s]he seeks to pursue and the 'imminent danger' [s]he alleges." *Ball v. Hummel*, 577 F. App'x 96, at n.1 (3d Cir. 2014)(nonprecedential) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)). "[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in the complaint." *Pettus*, 554 F.3d at 297. "In deciding whether such a nexus exists, [courts] will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Pettus*, 554 F.3d at 298-99 (emphasis and footnote omitted).[2]

III.    *Allegations of the Complaint and Imminent Harm*

McCarthy alleges that because staff refused to provide him with "protection," he was assaulted more than ten times over a three-year period. He states that prison officials deliberately placed him in cells with violent prisoners "to get to hurt him." (ECF No. 1, Compl., ¶ 2.) Plaintiff claims his requests for protection were denied. At one point, SIA Health had authorized his placement in protective custody but then later lied, saying "he never signed one." (*Id.*) McCarthy seeks monetary compensation for physical and mental injuries.

---

[2] McCarthy has been released from prison. However, he was incarcerated at the time he filed this civil rights action, so the Prison Litigation Reform Act still applies. *Defreitas v. Montgomery Cty. Corr. Facility*, 525 F. App'x 170, 176 (3d Cir. 2013)(nonprecedential)(citing *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002)).

-3-

In his application to proceed *in forma pauperis* (ECF No. 7), McCarthy affirms that:

> prior to the filing of the complaint in this action and while a prisoner as that term is defined in 28 U. S.C. § 1915(h), [he] brought 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.

(*Id.*, p. 1). He seeks to proceed *in forma pauperis* by asserting a claim of imminent danger of serious physical injury. (*Id.*, p. 2). He explains that he was under imminent danger of serious physical injury at the time he filed the Complaint based on the following:

> I am and was denied medical care - mental health care - denied protection and beaten up assaulted by prisoners and staff.

(*Id.*)

IV. *Discussion*

As noted above, an inmate with "three strikes" is denied the opportunity to proceed *in forma pauperis* unless he can show "imminent danger of serious physical injury" at the time he filed the complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar,* 239 F.3d at 312.

Aside from McCarthy's admission of being a "three striker," the court is familiar with McCarthy's litigation history and has already had the opportunity to address his status as such. *See McCarthy v. Warden, U.S.P. Lewisburg*, No. 99-CV-1587 (M.D. Pa. Apr. 13, 2000) (ECF No. 5). Other courts have also confirmed McCarthy's "three strike" status.

> By 1996, [McCarthy] had filed 136 cases in the United States District Court for the District of Connecticut alone and an injunction was entered against him. *See McCarthy v. Meachum,* 1996 WL

> 905938 (Nov. 15, 1996). The plaintiff admits that he is beyond §
> 1915's three-strike, and the undersigned's review of his lawsuits
> confirms that admission. At least three of the plaintiff's prior civil
> actions or appeals have been dismissed as frivolous or for failure
> to state a claim.

*McCarthy v. O'Brien*, No. 13-CV-70, 2014 WL 795074, *3 (N.D. W. Va. Feb. 27, 2014) (footnote collecting McCarthy's cases dismissed as frivolous or for failure to state a claim). With this issue conclusively resolved, the court must determine whether McCarthy may proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

McCarthy's Complaint asserts an Eighth Amendment failure-to-protect claim spanning a three-year period. He alleges that prison officials intentionally placed him in cells with violent offenders so he would be assaulted. (ECF No. 1). There are no allegations in the Complaint that Defendants denied McCarthy medical or mental health care. To the extent he asserts that prison staff allowed other prisoners and staff to assault him, this is the same claim he asserted in *McCarthy v. Warden Ebbert*, 1:16-CV-0331 (M.D. Pa.) (ECF No. 1, Compl.).[3] Additionally, the Court finds McCarthy's assertion of "imminent" harm in these matters as being vague, general and conclusory allegations and therefore insufficient. *Famiglio,* 726 F.3d at 468. Accordingly, McCarthy has not demonstrated the necessary imminent danger of serious physical injury to proceed *in forma pauperis* on the claims asserted in his Complaint.

---

[3] That action was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) after McCarthy failed to file an amended complaint concerning his allegations that USP Lewisburg officials and/or medical professionals had violated his constitutional rights by failing to protect him from assault, used excessive force against him, denied him medical/mental health care, and interfered with his legal mail. *See McCarthy v. Warden Ebbert*, 1:16-CV-0331 (M.D. Pa.) (ECF Nos. 8 - 10).

V.   *Conclusion*

Because McCarthy has at least three "strikes" and he has not demonstrated that he was in imminent danger of physical harm at the time he filed his Complaint, he will not be permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).  Accordingly, McCarthy may not proceed in this action without prepayment of the $400 filing fee.  Should McCarthy pay the full filing fee, the court will proceed to screen his Complaint pursuant to 28 U.S.C. § 1915A.  His failure to pay the filing fee will result in the dismissal of his action without prejudice.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 1, 2017